UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANGELLA AND DANROY HENRY, SR, on
their own behalf and on behalf of the Estate
of DANROY HENRY, JR.,

        Plaintiffs,

vs.

AARON HESS and VILLAGE OF
PLEASANTVILLE,

        Defendants.
------------------------------------------------------------x

COMPLAINT

**'11 CIV 02707**

JUDGE KARAS



By and through their counsel, Michael H. Sussman, plaintiffs allege the following as against defendant:

**PARTIES**

1. Plaintiffs Angella and Danroy Henry, Sr., are the natural parents of Danroy Henry, Jr. They are persons of legal age, resident in the Commonwealth of Massachusetts.

2. Plaintiffs have been appointed administrators of the Estate of Danroy Henry, Jr. and, as such, may institute suit on behalf of the estate. Plaintiffs are also the sole distributees of the decedent's estate, a status they have not renounced in any form or manner.

3. Defendant Aaron Hess is a police officer employed by the Village of Pleasantville, County of Westchester, State of New York. Upon information and belief, Hess resides within this judicial district. Defendant, Village of Pleasantville, is a municipality within the County of Westchester, State of New York. It may sue and be sued and, at all relevant times, employed defendant Hess as a police officer.

## JURISDICTION

4. As plaintiffs allege that defendants violated the constitutional and civil rights of the decedent, Danroy Henry Jr, while acting under color of state law, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331, 1343 (3) & (4) and 42 U.S.C. sec. 1983. This Court also has diversity jurisdiction over this cause and supplemental jurisdiction pursuant to 28 U.S.C. sec. 1367 over plaintiffs' state claims arising from decedent's conscious pain and suffering and wrongful death.

## STATEMENT OF FACTS

5. On October 17, 2010, defendant Aaron Hess, acting as a police officer for the defendant Village of Pleasantville, shot and killed Danroy Henry, Jr.

6. This shooting occurred in Thornwood, New York, within this judicial district.

7. This shooting occurred under circumstances evincing a reckless disregard for human life, most specifically the life of Danroy Henry, Jr.

8. At about 1:20 A.M., upon the direction of another police officer, Danroy Henry, Jr., drove his car at a reasonable rate of speed from a fire lane within a shopping mall toward the designated exit of that mall.

9. As Danroy Henry, Jr. drove at a rate of speed reasonable to the circumstances, defendant Aaron Hess precipitously and suddenly jumped in front of the vehicle Danroy Henry, Jr. was driving.

10. As Danroy Henry, Jr. slowed his vehicle, defendant Hess ascended the hood of the vehicle, grabbed the top of the hood, steadied himself and fired four shots at or toward Mr. Henry, who was in the driver's seat of his vehicle.

11. Three of these bullets struck Danroy Henry, Jr., causing his death.

12. No exigency caused defendant Hess to jump in front of the Henry vehicle.

13. Defendant Aaron Hess had no reasonable basis to stop or seize or jump in front of the vehicle being driven by Danroy Henry, Jr.

14. No exigency caused Hess to ascend to the hood of the Henry vehicle.

15. No exigency caused Hess to discharge his weapon four times at Danroy Henry, Jr..

16. After being shot, Danroy Henry Jr. experienced conscious pain and suffering until his death at a local hospital later that morning.

17. At the time of his death, Danroy Henry, Jr. was a junior at Pace University.

18. Until his death, Danroy Henry Jr. had a close and loving relationship with the members of his nuclear family, including the plaintiffs and his two younger siblings.

19. At the time of his death, Danroy Henry Jr. planned to pursue a career in the National Football League and/or business.

20. At the time of his death, Danroy Henry Jr.'s earning capacity was substantial and significant.

21. The death of their oldest son has caused, and shall continue to cause, plaintiffs most significant and substantial emotional anguish, pain and suffering and loss of companionship.

22. The decedent's death has also caused the plaintiffs pecuniary loss as defined by New York State law.

23. Plaintiffs have not been able, nor shall they be able in the future, to mitigate or diminish the loss of companionship and relationship or the pecuniary losses caused by defendant Hess's wrongful actions.

24. Defendant Hess' shooting of Danroy Henry, Jr. was an unconscionable act, shocking to the judicial conscience and the sort of action which must be eliminated and deterred to preserve the values of a civilized society.

25. In shooting Danroy Henry, Jr., defendant Hess violated policies promulgated by the defendant Village of Pleasantville.

26. These policies were issued for the safety of the public and include a prohibition against firing weapons at moving vehicles.

27. Defendant Hess' blatant violations of stated departmental policy demonstrate that the Village of Pleasantville failed to properly train and supervise defendant Hess, contributing to the deprivation of decedent's rights and his wrongful death.

## CAUSES OF ACTION

28. Plaintiffs incorporate paras. 1-27 as if fully restated herein.

29. By causing plaintiff's wrongful death in an intentional/reckless manner while acting under color of state law, defendant Hess violated the rights secured to Danroy Henry, Jr., and to his estate as represented by plaintiffs, by the Fourth and Fourteenth Amendments to the United States Constitution, as extended by 42 U.S.C. sec. 1983.

30. By acting in a grossly negligent/negligent manner and while acting

under color of state law, defendant Hess caused both conscious pain and suffering to, and the wrongful death of, Danroy Henry, Jr. and is liable to his estate, as represented by plaintiffs as its administrators, for the infliction of conscious pain and suffering and the wrongful death.

31. In acting either in an intentional, reckless or grossly negligent manner, as its agent and under its authority, defendant Hess established the liability of the defendant Village of Pleasantville for the wrongful death of Danroy Henry, Jr. under the doctrine of respondeat superior.

32. By depriving plaintiffs of the right to continued familial association with their son, Danroy Henry Jr., defendant Hess violated plaintiffs' rights as provided by the due process clause of the Fourteenth Amendment, as made actionable by 42 U.S.C. section 1983.

33. By depriving plaintiffs of the right to continued familial association with their son, Danroy Henry Jr,, defendant Hess violated plaintiffs' rights as extended by the common law and the laws of the State of New York.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray that this Court:

a) accept jurisdiction of this matter;

b) empanel a jury to hear and decide all matters within its scope and jurisdiction;

c) award to plaintiffs as administrators of his estate, compensatory damages for the wrongful death of Danroy Henry, Jr.;

d) award to plaintiffs as distributees of his estate and against defendants, jointly and severally, compensatory damages for the pecuniary injuries, including the loss of support, services, voluntary assistance, medical and funeral expenses and an award for conscious pain and suffering experienced by Danroy Henry, Jr.;

e) award to plaintiffs as administrators of his estate, and against defendants, jointly and severally, compensatory damages for the loss of income caused Danroy Henry Jr., by his wrongful death;

f) award to plaintiffs and against the defendants, jointly and severally, compensatory damages for the loss of familial association and the associated pain and suffering caused them as next of kin to the decedent;

g) award to plaintiffs as representatives of the estate of Danroy Henry, Jr. and against defendant Hess punitive damages arising from the brazen and unconscionable violation of the constitutional rights he inflicted upon Danroy Henry, Jr.;

h) award to plaintiffs and against defendant Hess punitive damages for the unconscionable use of force which has deprived them of their son's companionship and relationship;

i) award to plaintiffs the reasonable attorneys fees and costs arising from their prosecution of this matter, and

j) enter any other award the interests of law and equity require.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NEW YORK 10924
(845)-294-3991

Counsel for Plaintiffs

Dated: April 20, 2011
Goshen, NY