UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ANGELLA HENRY, DANROY HENRY, SR., on their own
behalf and on behalf of the Estate of Danroy Henry, Jr.,

                                       Plaintiffs,                    **ORDER**

                                                                             11 Civ. 2707 (KMK)(GAY)

      -against-

AARON HESS,
VILLAGE OF PLEASANTVILLE,

                                       Defendants.

------------------------------------------------------------------------x

    The Court has reviewed *in camera* the personnel file of defendant Aaron Hess; complaints about Hess and investigations into those complaints; and psychological records of Hess provided by the defendant Village of Pleasantville in this case; and the related cases that have been consolidated for discovery. The Court has considered the letter briefs submitted by the parties and rules as follows:

1. <u>Personnel File</u>

    The plaintiffs' have brought claims of negligent hiring, training, discipline and retention against the defendants, among other claims. Given said claims and the liberal federal discovery standards, Hess' employment application and related documents would be reasonably calculated to lead to the discovery of admissible evidence. Accordingly, bates numbers 00267-00299 and 00308-00319 are to be provided for discovery.

    All training and course completion documents are also to be provided for discovery

if not done so already.

All other documents in the personnel file are not relevant to the claims or defenses herein and also would not be reasonably calculated to lead to the discovery of admissible evidence. However, the Court notes that the personnel file did not contain any performance evaluation documents or the like.

2. Complaints About Hess and Investigations Into Those Complaints

Complaints of misconduct and disciplinary records against a police officer, substantiated or unsubstantiated, that are similar to the allegations in the civil action against him would be subject to discovery. Gibbs v. City of New York, 243 F.R.D. 95, 96 (S.D.N.Y. 2007); Fountain v. City of New York, 03 Civ. 4526, 2004 WL 941242 at *2 (S.D.N.Y. May 3, 2004), on reconsideration in part, 2004 WL 1474695 (S.D.N.Y. June 30, 2004). The prior complaints involving Hess are wholly unrelated to the claims herein. The *in camera* review also shows that the complaints are also not relevant to the issue of credibility. Moreover, the complaints are not relevant to the negligent retention and supervision claims. Ehrens v. Lutheran Church, 385 F.3d 232, 235 (2d Cir. 2004)(Plaintiff must show that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence.). Accordingly, plaintiffs' request for discovery of said documents is denied.

3. Psychological Records

A number of courts have ruled that any psychological "fitness evaluation" directed by a police department to determine if an officer is "fit for duty" after an incident such as a shooting would not be privileged. See Barmore v. City of Rockford et al., No. 09 C 50236, 2012 WL 1660651, at *3 (N.D. Ill. May 11, 2012); Scott v. Edinburg, 101

2

F.Supp.2d 1017 (N.D. Ill. 2000); <u>Kamper v. Gray</u>, 182 F.R.D. 597, 599 (E.D. Mo. 1998); <u>Barrett v. Vojitas</u>, 182 F.R.D. 177, 179 (W.D. Pa. 1998). Those cases have concluded that such records would not be privileged because they are not for the purposes of treatment and are not confidential as they are disclosed to the police departments. This Court finds said cases to be persuasive and also concludes that the "fit for duty" psychological records regarding Hess that were disclosed to the Pleasantville Police Department would not be privileged.

This Court also concludes that the records would be reasonably calculated to lead to the discovery of admissible evidence under the liberal standards of federal discovery. The records contain information concerning the circumstances surrounding the shooting herein apparently provided by Hess, a reported history of the his alleged injuries and other background information. Moreover, the results of the psychological evaluations themselves may lead to the discovery of admissible evidence concerning what happened and why. <u>Scott v. Edinburg</u>, 101 F.Supp.2d at 1022.

Accordingly, the psychological records of Hess that were in the possession of the Village of Pleasantville, bates numbers 00938-00982, are to be provided for discovery.

4. <u>Confidentiality</u>

Personal information on any of the documents ordered to be produced herein such as social security numbers, addresses, and telephone numbers may be redacted. The documents to be produced herein shall be deemed confidential under the Discovery Confidentiality Order in this case. The Court directs that there not be any public comment or release by counsel or any party of the documents produced herein.

3

SO ORDERED:

Dated: October 11, 2012
White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.